UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80069-DMM

UNITED STATES OF AMERICA

v.

ALI EMAD ATIEH,
   a/k/a "@The PaliAlawi,"
   a/k/a "@The PaliAlawii,"

      Defendant.

_____/

PLEA AGREEMENT

The United States of America and Ali Emad Atieh (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to the Indictment which charges him with transmission in interstate commerce of a communication containing a threat, in violation of Title 18, United States Code, Section 875(c).

2.     The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that

1

advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant understands and acknowledges that the Court may impose a sentence of up to 5 years' imprisonment, followed by a term of supervised release of up to three years, and a fine not to exceed $250,000.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the court as to the reasons for her failure to pay.

5.      The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

2

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative acceptance of personal responsibility, so long as the defendant meets the conditions below. The defendant also understands that if at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The United States also agrees that although not binding on the Probation Office or the Court, the United States will recommend that the Court sentence the defendant to the low end of the advisory guideline range as that range is determined by the court. The defendant understands that the United States will not be required to make the aforementioned recommendations or motions if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the

government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8.      This is the entire agreement and understanding between the United States and the defendant.

JASON A. REDING QUINONES
UNITED STATES ATTORNEY

Date: __8/21/25__          By: _____
                                MARK DISPOTO
                                ASSISTANT UNITED STATES ATTORNEY

Date: __8/21/25__          By: _____
                                ROBERT ADLER, ESQUIRE
                                ATTORNEY FOR DEFENDANT

Date: __8/21/25__          By: _____
                                ALI EMAD ATIEH
                                THE DEFENDANT